| | |
|---|---|
| DISTRICT OF NEW JERSEY<br>UNITED STATES BANKRUPTCY COURT<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Lynn T. Nolan, Esq. - 039952011<br>GROSS POLOWY, LLC<br>Formed in the State of Delaware<br>2500 Plaza 5, Suite 2548<br>Jersey City, NJ 07311<br>(716)204-1700<br>E-mail: lnolan@grosspolowy.com<br>Attorneys for Creditor MidFirst Bank | **Order Filed on June 5, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>BRUCE ALLEN LATSHAW<br>JENNIFER SUE LATSHAW<br><br>Debtor(s). | Case No.: 18-24502-mbk<br><br>Hearing Date: March 26, 2019<br><br>Judge: Michael B. Kaplan<br><br>Chapter: 13 |

| Recommended Local Form: | ☒ Followed | ☐ Modified |
|---|---|---|

**ORDER RESOLVING MOTION TO VACATE STAY AND/OR MOTION TO DISMISS WITH CONDITIONS**

The relief set forth on the following pages, numbered two (2), three (3) and four (4) is hereby **ORDERED**.

**DATED:**

**DATED: June 5, 2019**

_Honorable Michael B. Kaplan_
United States Bankruptcy Judge

| | |
|---|---|
| Applicant: | MidFirst Bank |
| Applicant's Counsel: | Lynn T. Nolan, Esq. |
| Debtor's Counsel: | William H. Oliver, Jr., Esq. |
| Property Involved ("Collateral"): | 406 Fairfield Way, Neptune, NJ 07753 |

That the Denial of the Motion for Relief entered on 4/23/2019 is hereby vacated, and the application for relief from the automatic stay filed by MidFirst Bank on 2/28/2019 as Docket # 53 is hereby relisted as an active matter able to be resolved by the instant Consent Order.

Relief sought:    ☒ Motion for relief from the automatic stay

☐ Motion to dismiss

☐ Motion for prospective relief to prevent imposition of automatic stay against the collateral by debtor's future bankruptcy filings

For good cause shown, it is **ORDERED** that Applicant's Motion(s) is (are) resolved, subject to the following conditions:

1. Status of post-petition arrearages:

    ☒ The Debtor is overdue for 5 months, from 11/1/2018 to 3/1/2019

    ☒ The Debtor is overdue for 5 payments at $2,116.61 per month.

    ☒ The Debtor is assessed for $52.00 in late charges and $80.00 for Property Inspections.

    [X]  Applicant acknowledges suspense funds in the amount of $35.78.

    Total Arrearages Due $10,679.27

2. Debtor must cure all post-petition arrearages, as follows:

    ☐ Immediate payment shall be made in the amount of _____. Payment shall be made no later than _____.

    ☒ Beginning on 4/1/2019, regular monthly mortgage payments shall continue to be made.

    ☐ Beginning on _____, additional monthly cure payments shall be made in the amount of $____ for ___ months.

    ☒ The amount of $10,583.05 shall be capitalized in the debtor's Chapter 13 plan. Said amount shall be set up on Trustee's ledger as a separate Claim. Debtor(s) shall file a Modified Plan within 10 days from the entry

    of this Order to account for the additional arrears to be paid to the secured creditor via Chapter 13 Plan and to adjust monthly payments to the Chapter 13 Trustee accordingly.

3.     Payments to the Secured Creditor shall be made to the following address(es):

☒ Immediate payment:
    MidFirst Bank
    999 N.W. Grand Boulevard
    Oklahoma, OK 73118-6116

☒ Regular Monthly payment:
    MidFirst Bank
    999 N.W. Grand Boulevard
    Oklahoma, OK 73118-6116

☐ Monthly cure payment:

4.     In the event of Default:

    ☒ Should the Debtors fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post petition delinquency is more than thirty (30) days late, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtors, and Debtors' attorney and the court shall enter an Order granting relief from the Automatic Stay

    ☒ In the event the Debtors converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtors, and Debtors' attorney and the court shall enter an Order granting relief from the Automatic Stay

    ☒ This agreed order survives any loan modification agreed to and executed during the instant bankruptcy. If any regular mortgage payment due after the execution of a loan modification is more than

      thirty (30) days late, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtors, and Debtors' attorney and the court shall enter an Order granting relief from the Automatic Stay

5.     Award of Attorneys' Fees:

    ☒ The Applicant is awarded attorney's fees of $<u>850.00</u>, and costs of $<u>235.38.</u>.

        The fees and costs are payable:

        ☒ Through the Chapter 13 plan. These fees/costs shall be set up as a separate claim to be paid by the Standing Trustee and shall be paid as an administrative claim.

        ☐ to the Secured Creditor within_____days.

        ☐ Attorneys' fees are not awarded.

6.     This Agreed Order survives any loan modification agreed to and executed during the instant bankruptcy.